### In re BLEYER.

(Circuit Court of Appeals, Second Circuit.   June 3, 1914.)

No. 266.

BANKRUPTCY (§ 407*)—DISCHARGE—OBJECTION—"FALSE STATEMENT"—BOR-
ROWING MONEY.

   Where a bankrupt, by false representations as to the solvency of a cor-
poration of which he was president, obtained $15,000 from a bank on
notes of a corporation indorsed by the bankrupt, a large part of the
money having been obtained for the bankrupt's individual use, such "false
statement" was sufficient to prevent his discharge, within Bankr. Act
July 1, 1898, § 14b (3), as added by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797,
and amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp.
St. Supp. 1911, p. 1496) providing for the denial of a discharge of a bank-
rupt if he has obtained money on a materially false statement in writing.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737,
738, 740–751, 758, 760, 761; Dec. Dig. § 407.*

   For other definitions, see Words and Phrases, vol. 3, p. 2670.]

   Petition to Revise Order of the District Court of the United States
for the Southern District of New York.

   On appeal from an order of the District Court for the Southern Dis-
trict of New York (210 Fed. 391) overruling the exceptions filed to
the specifications of objection by the First National Bank of Easton,
Pa., to the bankrupt's discharge.

   Leo Oppenheimer, of New York City, for bankrupt.

   Parker & Aaron and Charles A. Baker, both of New York City, for
objecting creditor.

   Before COXE and ROGERS, Circuit Judges, and HAND, District
Judge.

   COXE, Circuit Judge.   The concrete question here is whether the
false written statement as to the property of a corporation of which
the bankrupt was president, made to a bank for the purpose of obtain-
ing money, is within the statute (section 14b (3) of the Bankruptcy
Act) which refuses a discharge to a bankrupt if he has obtained money
upon a materially false statement in writing.

   In the present case the exceptions to the specifications of the bank
in opposition to the discharge constitute, in effect, a demurrer and all
the allegations of the bank's objection must, therefore, be taken as
established.   It appears that by the representations made by him as to
the solvency of the corporation of which he was president, the bank-
rupt obtained $15,000 from the bank upon three notes of the corpora-
tion indorsed by him.   It is also admitted by the demurrer that "a large
part of the said money was obtained by said bankrupt for his own in-
dividual use."   He has made a false statement, on the strength of which
he obtained money from the bank, ostensibly in the name of his cor-
poration, but in reality, as it appears, a large part thereof was for his
personal use and benefit.   Does the fact that he acted in his repre-
sentative capacity prevent his fraudulent statements, by means of

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which he obtained money for his own use, from being considered as a bar to his discharge?

We are inclined to think his fraud is within the mischief of the statute and, although no case cited is directly in point, that the facts bring it within the doctrine of In re Dresser (D. C.) 144 Fed. 318, and In re Aldrich (D. C.) 168 Fed. 93. If the bankrupt had asked for an individual loan and had represented that he was president of—and therefore a stockholder in—a certain corporation, which had assets in excess of its liabilities to the extent of $100,000, and had obtained the loan for his own use, there can be no doubt that the discharge would be refused if it were shown that his statement was false. But in principle the two cases are alike. In both the bankrupt obtains money by false statements. It is the policy of the law to refuse such a person a discharge. It is not the form of the fraud which the law looks to, but to the intent and object to be attained. Where it clearly appears that the bankrupt has obtained personal pecuniary benefit from false statements, whether regarding his own property or the property of some one else, he does that which prevents him from securing a discharge.

The order of the District Court is affirmed.