## In re FORD.

(District Court, W. D. Washington, N. D. September 23, 1926.)

No. 7648.

**1. Words and phrases—"Credit."**

"Credit" requires a debtor and creditor relation, and may be said to imply ability, by reason of property or estates, to make promised payment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Credit.]

**2. Bankruptcy ⚖➞407(5).**

A bonding company, by execution of a surety bond, becomes a guarantor for, and not a creditor of, its principal, as respects application of Bankruptcy Act, § 14b (3), as amended by Act June 25, 1910, § 6 (Comp. St. § 9598).

**3. Guaranty ⚖➞1—"Guaranty."**

A "guaranty" is an undertaking to answer for another's liability, and is collateral thereto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Guaranty.]

**4. Bankruptcy ⟜407(5)—Making false statement to obtain surety bond held not ground for refusing discharge (Comp. St. § 9598).**

A materially false statement in writing, made by a bankrupt, for the purpose and on which he obtained a surety bond, is not one on which he obtained either "money or property," within Bankruptcy Act, § 14b (3), as amended by Act June 25, 1910, § 6 (Comp. St. § 9598), and is not ground for refusing his discharge.

In Bankruptcy. In the matter of Martin D. Ford, bankrupt. On demurrer to specifications of objection to discharge. Demurrer sustained.

Objection is made to the discharge of the bankrupt, on the ground that he obtained money or property on credit upon a materially false statement in writing, made by him for the purpose of obtaining such credit. The bankrupt is a contractor, and for the purpose of securing the faithful performance of a contract for the erection of a building he made a financial statement in writing to the objecting creditor as a basis for credit, and the creditor believed the statement to be true, and executed a bond guaranteeing compliance of contract and payment of all claims. It is alleged that the statement was false, and known to be false by the bankrupt at the time it was made; that he failed in the execution of his contract, and that he failed to pay bills and claims on account of the said contract, and that the creditor, as maker of said bond, was compelled to pay the same sum; that said bankrupt has not since paid any part of the same, and that said claim has been duly filed and allowed in the bankruptcy proceeding. The sufficiency of the objection is challenged.

John J. Kennett, Kenneth Durham, and Ray M. Wardall, all of Seattle, Wash., for bankrupt.

Warren H. Lewis, of Seattle, Wash., for objecting creditor.

NETERER, District Judge. The act of June 25, 1910 (Comp. St. § 9598), reads:

" * * * (3) Obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

[1] The word "credit" comes from the Latin word "credere," to trust, and may be said to imply ability by reason of property or estates to make promised payment. Bouv. Law Dict. says: "Credit: The ability to borrow on the opinion conceived by the lender that he will be repaid. A debt due in consequence of a contract of hire or borrowing of money. The time allowed by the creditor for the payment of goods sold by him to the debtor." "Credit" requires a debtor and creditor relation.

[2-4] The obtaining of the surety bond did not create the relation of debtor and creditor; no "money or property" on credit was obtained from the surety company. The relation pertained to the future. The act, supra, says that the statement must be "made by him to any person or representative for the purpose of obtaining credit from such person." The relation of debtor and creditor is a prerequisite. The bonding company became a guarantor, and not a creditor. A guarantor is one who makes a guaranty. A guaranty is an undertaking to answer for another's liability, and collateral thereto; a collateral undertaking to pay the debt of another in case he does not pay it. Dole v. Young, 24 Pick. (Mass.) 252.

While the policy of the law is to refuse a discharge to a person guilty of practicing fraud, the court may not legislate and extend the plain provisions of the statute. While a collateral liability was created from the bankrupt to the surety company, the relation of creditor on the part of the surety company had not been created. The Circuit Court of Appeals, in Re Bleyer, 215 F. 896, 132 C. C. A. 236, did, in substance, hold that "credit" meant pecuniary benefit; but in that case the relation of debtor and creditor was created between the bank and the corporation of which the bankrupt was an officer and stockholder, and the money obtained was obtained for the use of the bankrupt, and the court said:

"Where it clearly appears that the bankrupt has obtained personal pecuniary benefit from false statements, whether regarding his own property or the property of some one else, he does that which prevents him from securing a discharge."

All of the relations, however, were presently created by the bankrupt fraudulently obtaining the money in the name of his corporation. In Re Oliner, 262 F. 734, the same court explicitly held that a provision of the Bankruptcy Act is not to be extended by construction. In Re Tanner (D. C.) 192 F. 572, Judge Rudkin said:

"In my opinion * * * the indemnity bond in question is not property within the meaning of the statute, and, if it is, it was not obtained on 'credit,' because the relation of debtor and creditor did not exist

after the bond was obtained any more than before.''

The Act of February 5, 1903 (32 Stat. 797), denied the discharge where a person obtained property on credit; the amendment of June 25, 1910, enlarges the provision to "money or property," but does not change the relation or status of the parties. The bond, not being property, is not made money by the amendment, supra.

The demurrer is sustained.